**John L. Laskey (JL1424)**
**STARK & STARK**
**A Professional Corporation**
**993 Lenox Drive**
**Lawrenceville, New Jersey 08648**
**(609) 896-9060**
**Attorneys for Steward Financial Services**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>BRIAN T. BOOKER SR. and MARY F. BOOKER,<br><br>Debtors. | Case No. 16-28921(ABA)<br><br>Chapter 13 |

### OBJECTION OF STEWARD FINANCIAL SERVICES
### TO CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN

### Date of Hearing: December 7, 2016 at 9:00 am

Steward Financial Services ("**Steward**"), a creditor and party in interest, by and through its attorneys, Stark & Stark, a Professional Corporation, objects to confirmation of the Debtors' Chapter 13 plan, and in support thereof, says:

1. The Debtors are indebted to Steward pursuant to the terms of a retail installment sale contract dated March 21, 2015 (the "**Contract**"). Pursuant to the Contract, the Debtors purchased a 2012 Dodge Caliber and agreed to pay $12,590.50, together with interest at a rate of 18.79%, by making 72 monthly payments of $292.81 beginning April 20, 2015.

2. The Debtors filed a Chapter 13 petition on October 3, 2016 (the "**Petition Date**") and a Chapter 13 plan on October 5, 2016. As of the Petition Date, the Debtors had made 17 monthly payments and were in arrears to Steward for a payment of principal and interest of

4848-8103-9933, v. 1

$292.81 due September 20, 2016, and late fees of $13.91.  The Debtors have not made any payments to Steward since the Petition Date.

3. Steward filed a secured proof of claim on November 11, 2016 for $11,415.88.

4. The Chapter 13 plan provides for the Debtors to make 60 monthly payments of $790.00.  From this total, the plan provides for payment of $2,960.00 to the Debtors' attorney, $5,234.52 to Select Portfolio Service, $13,151.40 to Steward, and $21,277.80 to Exeter Finance.

5. Steward objects to confirmation of the plan because it does not provide adequate protection to Steward of its secured claim. The Debtors have continued to use Steward's collateral resulting in further depreciation without providing any compensation to Steward. Steward is entitled to be compensated as an administrative expense for the post-petition use of the vehicle. The plan must be amended to provide for adequate protection payments to Steward both prior to and subsequent to confirmation of the plan. The adequate protection payments to Steward should be at least $200.00. Once all administrative and priority claims have been paid, the distributions to Steward can be increased.

6. Steward accordingly objects to confirmation and requests that confirmation be denied.

    STARK & STARK
    A Professional Corporation
    Attorneys for Steward Financial Services

    By: /s/ John L. Laskey
        John L. Laskey

Dated: November 28, 2016

4848-8103-9933, v. 1